THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY MARTIN, Defendant-Appellant.

(No. 55377; ▉▉▉▉▉▉▉)

First District—April 19, 1972.

Fishman and Fishman, of Chicago, (Ronald S. Fishman, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Richard Pezzopane, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Henry Martin, was charged by complaint with battery in violation of section 12—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1969, ch. 38, par. 12—3) "in that he intentionally, without legal justification, made physical contact of a provoking nature with * * * Henry Cross, by pushing a hinged door into the victim Henry Cross." After a trial without a jury the defendant was found guilty as charged and fined One Hundred Dollars. He was also charged with "Resisting arrest," but judgment of acquittal on that charge was entered at the close of the State's evidence.

On appeal, the defendant contends that he was not proven guilty beyond a reasonable doubt.

The only evidence presented by the State was the testimony of the complainant, Henry Cross, a Chicago Police Officer, who was off duty and dressed in civilian clothes at the time of the incident. Cross testified that at approximately 3:30 A.M. on February 3, 1970, he was in the rear of a tavern located at 1550 West 69th Street in the City of Chicago when a fight broke out in the front portion of the establishment. He walked toward the disturbance; and, as he approached, he saw the defendant being pushed out of the tavern onto the sidewalk by the accused's brother and another person. He then picked up a coat which the defendant had left on the floor and attempted to give it to the accused who was standing outside. When he reached the exit, the defendant "charged the door, jamming [him] between the door and door frame." After he extricated himself from the door and door frame, he drew his revolver and for the first time announced that he was a police officer.

The defendant charged, slipped on the ice and fell into him. After the impact Cross lost his balance and fell, accidentally discharging his revolver. A bullet struck the defendant on the right arm.

On cross-examination, he stated that he arrived at the tavern at 10:30 P.M. on the previous evening with his wife to attend a weekly meeting of a Christmas club.

James Martin Jr. testified on behalf of his brother, Henry Martin, and stated that shortly after he, the defendant, and Bennie Dixon arrived at the Golden Angel on the night in question, his brother was approached by a man in a red vest and red bell-bottoms and then attacked by approximately four persons. He and Dixon rescued and escorted the defendant out of the tavern. After he and the defendant were out on the sidewalk; he returned into the premises to pick up a tape recorder which he left behind. When he reached the exit on his way out of the tavern, he heard a shot and saw his brother roll on the ground into a parked car.

Bennie Dixon testified that he left the Golden Angel with the Martin brothers. Once they were outside, James Martin went back into the tavern. He said the defendant slipped and fell to the ground and "when I looked again, a fellow was standing over him with a gun in the air like this [indicating], and he lowered and fired."

■■ It is well established that we will not disturb the findings of the trier of fact and substitute our own conclusions unless the proof is so unsatisfactory as to justify a reasonable doubt of the defendant's guilt. Ordinarily, we attach great weight to the determination of the trial judge who saw and heard the witnesses. (*People v. Colman*, 49 Ill.2d 565, 276 N.E.2d 721, *People v. Munzer* (Ill.App.2d), 270 N.E.2d 638.) After a careful examination of the record, however, we cannot say that the conclusion of the trial court was warranted.

■ Section 12—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1969, ch. 38, par. 12—3(a)) provides in part, "A person commits battery if he intentionally or knowingly without legal justification and by any means, * * * (2) makes physical contact of an insulting or provoking nature with an individual." According to Section 7—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1969, ch. 38, par. 7—1), "A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force." The use of justifiable force is an affirmative defense, section 7—14 of the same Code (Ill. Rev. Stat. 1969, ch. 38, par. 7—14), and under section 3—2(b) (Ill. Rev. Stat. 1969, ch. 38, par. 3—2(b)). "If the issue involved in an

affirmative defense is raised then the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all the other elements of the offense."

■■ The undisputed evidence shows that the defendant was accosted and attacked in the tavern and that a fight ensued. Henry Martin attempted to stop the scuffle and pushed his brother out of the tavern. Officer Cross knew that the defendant had been in a fight and had been physically escorted out of the premises. When Cross, dressed in civilian clothing came out of the tavern directly after the fight without disclosing that he was a police officer, it was reasonable for the defendant to believe that it was necessary to close the door to prevent further attack. The defendant, who did not know Cross's identity, "charged the door" but did not otherwise attempt to strike Cross. Inasmuch as the evidence does not show beyond all reasonable doubt that the defendant pushed a hinged door intentionally, knowingly and without legal justification into Cross, the conviction on the charge of battery cannot stand.

The judgment of the Circuit Court is reversed.

*Judgment reversed.*

DIERINGER, P. J., and ADESKO, J., concur.